**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of the United States Department of Labor,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CALIFORNIA PACIFIC BANK; et al.,<br><br>Defendants-Appellants. | No. 16-17055<br><br>D.C. No. 3:13-cv-03792-JD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[**] District Judge.

California Pacific Bank, Richard Chi, Akila Chen, Kent Chen, and William

Mo (referred to collectively as "trustees" and individually by name, as appropriate)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Steven J. McAuliffe, United States District Judge for the District of New Hampshire, sitting by designation.

appeal the district court's order granting summary judgment to the Department of Labor on two claims, and its order entering judgment in favor of the Department after a bench trial on a third claim. We have jurisdiction under 28 U.S.C. § 1291.

The trustees failed to pay the participants in the Bank's employee stock ownership plan (Plan) in cash within one year after the date of termination of the Plan, as required by ¶ 10.4 of the Plan document. Therefore, the district court did not err in ruling there was no genuine issue of material fact that the trustees breached their obligation to act in accordance with plan instruments, in violation of 29 U.S.C. § 1104(a)(1)(D). The trustees' argument that we should defer to their interpretation of other sections of the Plan as allowing them to distribute bank shares in lieu of cash is meritless, as none of those sections govern plan termination. Finally, we reject the trustees' claim that it was impossible for them to pay participants in cash because the Department interfered with the Bank's ability to obtain the FDIC's permission to repurchase the Bank shares. *Cf. Taylor-Edwards Warehouse & Transfer Co., of Spokane v. Burlington N., Inc.*, 715 F.2d 1330, 1336 (9th Cir. 1983). Nothing stopped the trustees from obtaining cash by liquidating plan assets in some other way; indeed, some of the assets were liquidated through sales to individual officers of the Bank. Alternatively, the

2

trustees could have delayed termination of the Plan until they had obtained the FDIC's approval for the Bank's repurchase of the shares.

The district court did not err in determining there was no genuine issue of material fact that the trustees diverted a Plan asset to the Bank, a prohibited transaction under 29 U.S.C. § 1106(a), in violation of their fiduciary duties. *See* 29 U.S.C. § 1104(a)(1). There is no dispute that the Plan collected $132,506 by liquidating a Plan asset, and the trustees transferred $81,407.18 of that amount to the Bank. The trustees argue that because the Plan asset at issue was a dividend on stocks owned by the Plan, the Bank was entitled to a pro rata share of the dividend when it subsequently purchased the stocks. We reject this argument, because the trustees point to no agreement between the Bank and the Plan allowing the Bank to take Plan property under these circumstances.

We also reject the trustees' argument that transferring $69,745.93 of the Plan's deposit account was a mistake of fact "involv[ing] arithmetical or clerical errors made by the employer/contributor." *British Motor Car Distribs., Ltd. v. S. F. Auto. Indus. Welfare Fund*, 882 F.2d 371, 375 (9th Cir. 1989). The trustees have not identified a contribution that was made due to an arithmetical or clerical error, nor identified a contribution that exceeded its stated purpose.

We also reject the arguments of Akila Chen, Kent Chen, and William Mo that they are not liable for breach of fiduciary duties. These trustees do not dispute that they are fiduciaries of the Plan, and there is nothing in the Plan document that releases them from their duties of prudence and loyalty, or from the duty to comply with Plan documents. *See* 29 U.S.C. § 1105. Nor did the district court err in concluding that William Mo had not resigned as a trustee; among other evidence in the record, he signed the resolution to terminate the Plan in his capacity as a trustee.

The district court abused its discretion in declining to apply the prejudgment interest rate identified in 28 U.S.C. § 1961, and instead applying the higher rate of interest identified in 26 U.S.C. § 6621 without making any factual findings that the higher rate of interest would serve to compensate the participants. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). We vacate the award of prejudgment interest and remand for the district court to apply a compensatory interest rate. The parties shall bear their own cost on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**